IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JUSTIN FIELDING KYER,**

        Plaintiff,

        v.                      **Civil Action No.** 5:22-CV-251
                                      Judge Bailey

**THE STATE OF WEST VIRGINIA,** and
**WV LEGISLATURE,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On October 17, 2022, the plaintiff, a patient committed to Sharpe Hospital in Weston, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

The majority of the Complaint form has been left blank and crossed out by plaintiff, with only a single claim listed: "Arrested in a hotel w/ 3 to my door and then the police, warrantless arrest, and postured persons signed." [Doc. 1 at 7].  Under supporting facts, plaintiff states that there is a bank account full of money but that he had never banked with that bank.  Plaintiff does not provide details of the alleged arrest, and for his injury he lists only that the State has filed a suit against him.

1

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

### IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint fails to state a claim and is frivolous. First, the Complaint fails to name any valid defendant for purposes of a § 1983 action, naming only "The State of West Virginia" and "WV Legislature." The Eleventh Amendment bars such suits against the State, and

---

[1] ***Id.*** at 327.

§ 1983 does not provide an exception. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]" ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989) (citing ***Quern v. Jordan***, 440 U.S. 332 (1979)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." ***Will***, 491 U.S. at 71. The Complaint fails to name a valid § 1983 defendant and should therefore be dismissed as frivolous.

Second, the Complaint is devoid of factual allegations which would state a claim under § 1983. Plaintiff alleges that he was arrested without a warrant and that there is an apparently fraudulent bank account "full of money" despite him never banking there. Under the "Injury" section of the Complaint, plaintiff states only that he has been sued by the State. Plaintiff provides no details of the alleged arrest or associated suit, and indeed states that he is "limiting information" under claim two of the Complaint. Federal Rule of Civil Procedure 8(a) provides that a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "And '[a]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant.'" ***Migdal v. Rowe Price-Fleming Int'l***, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 318 (2d ed.1990)). The Complaint fails to meet the pleading requirements of Rule 8 and should therefore be dismissed for failure to state a claim.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous and that

his pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**, and the fee waived.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: October 19, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE