IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JUSTIN FIELDING KYER,**

    Plaintiff,

v.                                       **Civil Action No. 5:22-CV-251**
                                           Judge Bailey

**THE STATE OF WEST VIRGINIA** and
**WV LEGISLATURE,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that plaintiff's case be dismissed with prejudice for failure to state a claim and as frivolous. Moreover, Magistrate Judge Mazzone recommends plaintiff's pending Motion for Leave to Proceed *in forma pauperis* be denied as moot, and the fee waived.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United**

States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). Plaintiff timely filed an objection on October 28, 2022. See [Doc. 10].

In his objection, plaintiff states that because Magistrate Judge Mazone was terminated from association with this case, "then the document becomes invalid and therefore unuseable, to propose any or other implementations from the Court."

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

It is standard practice in all prisoner cases for the magistrate judge to be terminated from the case upon completion of his or her Report and Recommendation. Thus, plaintiff's objection is overruled.

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 7**] is **ADOPTED**, and plaintiff's case is hereby **DISMISSED WITH PREJUDICE**. Plaintiff's objection [**Doc. 10**] is **OVERRULED**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] is **DENIED AS MOOT AND FEE WAIVED**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** October 28, 2022.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**